UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY M. GARRAWAY,

             Plaintiff,

                       5:03-CV-0681
  v.                        (TJM)(GJD)

BROOME COUNTY, NEW YORK; RONALD J. BILL,
Chief Civil Deputy; BROOME COUNTY SHERIFF'S
DEPARTMENT; DENNIS ROWLANDS, Deputy #260;
and CHRIS SMITH, Deputy # 223,

             Defendants.

APPEARANCES:             OF COUNSEL:

ANTHONY M. GARRAWAY
Plaintiff, *pro se*

BROOME COUNTY ATTORNEY'S OFFICE    AARON J. MARCUS, Esq.
Attorney for defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

**ORDER**

  Presently before the Court are two motions to compel discovery. The first motion is submitted by the defendants. Dkt. No. 15. Plaintiff has responded to defendants' motion by filing his own cross-motion to compel discovery. Dkt. No. 17. Defendants have responded in opposition to plaintiff's cross-motion. Dkt. No. 18.

  The Court will address each motion to compel separately.

**I. Defendants' motion to compel**

  Defendants' motion to compel relates to Defendants' First Demand for Interrogatories dated March 24, 2005 ("March 24 Interrogatories"). Dkt. No. 15, Ex. 1. Defendants made good faith efforts to resolve this discovery matter with plaintiff prior to filing their motion to compel.

Specifically, on May 16, 2005 and May 20, 2005, defendants' counsel sent letters to plaintiff via overnight mail reminding plaintiff of his obligation to respond to the yet unanswered March 24 Interrogatories. Dkt. No. 15, Aff. at ¶ 3; *id*. at Ex. 2, 3. Plaintiff responded to defendants' letters, advising defendants' counsel that plaintiff had lost defendants' March 24 Interrogatories, but that "he would like the opportunity to respond once a new copy was sent to him." *Id*., Aff. at ¶ 4. Defendants mailed a new copy of the March 24 Interrogatories to plaintiff via overnight delivery. *Id*. Since the deadline for filing a motion to compel was to expire on May 30, 2005, *see* Dkt. No. 14, defendants' submitted the within motion to compel "as a precautionary measure." *Id*.

Subsequent to the filing of this motion, plaintiff served upon defendants' counsel and filed with the Court his response to the March 24 Interrogatories. *See* Dkt. No. 17, Ex. 1. Since that date, defendants have not objected to the content of plaintiff's responses. Moreover, the Court has reviewed these submissions and has determined that plaintiff's responses substantially comply with defendants' discovery requests. Therefore, defendants' motion to compel responses to the March 24 Interrogatories is **denied as moot**. *See, e.g., Hamilton v. Poole*, 1997 WL 626406, at *6 (W.D.N.Y. Sep. 22, 1997) (denying motion to compel filed by plaintiff where defendants responded to discovery after motion was filed).

II.     **Plaintiff's cross-motion to compel**

    A.     **Procedural deficiencies**

In support of his cross-motion, plaintiff contends that defendants did not properly respond to his Interrogatories. Plaintiff argues that "[t]he law requires that the defendants personally and under oath answer the interrogatories. None of the defendants have personally

answered the interrogatories, nor have they done so under oath." Plaintiff alleges that the responses were signed by the defendants' counsel alone. Dkt. No. 17, Aff. at ¶ 3. Rule 33(b)(2) of the Federal Rules of Civil Procedure states:

> The answers [to interrogatories] are to be signed by the person making them, and the objections signed by the attorney making them.

FED. R. CIV. P. 33(b)(2). While plaintiff contends that the defendants' responses to his interrogatories were not signed by the party making them, he does not provide the Court with a copy of the interrogatories as proof of his claim. The defendants, however, seemingly admit that the responses were not properly signed and indicate that "[o]n July 1, 2005, the defendants will mail individual Responses to the plaintiff's First Set of Interrogatories signed by the defendants, Ronald Bill, Dennis Rowlands, and Christopher Smith, before a notary public." Since it appears that defendants have since corrected the signatory error for their interrogatory responses, this part of plaintiff's cross-motion to compel is **denied as moot**.

It appears, however, that plaintiff has **not signed** his own interrogatory responses. *See* Dkt. No. 17, Ex. 1; *see also* Dkt. No. 18, Aff. at ¶ 6. Plaintiff is therefore directed to forward to defendants' counsel, **within thirty days of the filing date of this Order**, a signed copy of his responses to the March 24 Interrogatories. In the event plaintiff does not do so, the defendants may make an appropriate motion to the Court regarding plaintiff's failure to comply with this Order.

### B.   Substantive deficiencies

Plaintiff also argues that defendants' responses are substantively deficient. Plaintiff has failed to attach to his cross-motion a copy of the discovery materials to which the motion relates

as required by the Local Rules. Local Rule 26.2 provides in relevant part that:

> Any motion pursuant to FED. R. CIV. P. 37 shall be accompanied by the discovery materials to which the motion relates if those materials have not previously been filed with the Court.

By the Pretrial Order filed on July 2, 2004, plaintiff was advised that no motion to compel should be filed unless it was accompanied by the related discovery materials. *See* Dkt. No. 14 at 2. Since plaintiff has not attached a copy of the relevant discovery materials to his cross-motion to compel and has not previously filed the discovery materials with the Court, the Court has no way of reviewing plaintiff's objections in conjunction with defendants' responses. Plaintiff's cross-motion to compel discovery, which is not in compliance with Local Rule 26.2, is **denied**.

### III.    Request for extension of time

Plaintiff asks the Court to grant "an extension of time on the dates set by the court, due to the pending motions to compel." Dkt. No. 17, Aff. at ¶ 7. At the time these motions were filed, the only pretrial deadline still pending was the dispositive motion filing deadline. Thus, the dispositive motion filing deadline is reset until December 30, 2005. All other pretrial deadlines have expired.

**WHEREFORE**, it is hereby

**ORDERED**, that defendants' motion to compel discovery (Dkt. No. 15) is **DENIED** for the reasons stated above, and it is further

**ORDERED**, that plaintiff's cross-motion to compel discovery (Dkt. No. 17) is **DENIED** for the reasons stated above, and it is further

**ORDERED**, that plaintiff is directed to forward to defendants' counsel, **within thirty days of the filing date of this Order**, a <u>signed</u> copy of his responses to the March 24

Interrogatories.  In the event plaintiff does not do so, the defendants may make an appropriate motion to the Court regarding plaintiff's failure to comply with this Order.  The Clerk is directed to forward to plaintiff a copy of his unsigned responses (*see* Dkt. No. 17, Ex. 1) for plaintiff's use in complying with this Order, and it is further

  **ORDERED**, that the dispositive motion filing deadline is reset until December 30, 2005, and it is further

  **ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties.

Dated: November 15, 2005

                 _____
                 Hon. Gustave J. DiBianco
                 U.S. Magistrate Judge